■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTONIO RUTLEDGE, Appellant. [648 NYS2d 68] —Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting him of third degree burglary, petit larceny, and fifth degree criminal possession of stolen property, defendant contends that Supreme Court should have granted a mistrial based on the prosecutor's failure to seek a *Ventimiglia* ruling (*see, People v Ventimiglia,* 52 NY2d 350) on the admissibility of evidence of an uncharged crime. The charges arose out of the alleged theft by defendant and two accomplices of an unassembled portable basketball hoop from a garage. The uncharged crime was the suspects' alleged theft of long-handled garden tools from the same garage earlier that day.

The court did not err in denying a mistrial. Although the People failed to adhere to the "procedure to be followed in cases involving potentially prejudicial [*Molineux*] testimony" (*People v Ventimiglia, supra,* at 361), the court immediately sustained defendant's objection to the testimony, told the jurors to disregard it, and instructed the prosecutor to avoid commenting on it in summation. Further, the court instructed the jurors that, "if a matter is stricken, it is not part of our proceeding". In our view, the court's curative measures were adequate to alleviate any prejudice. In any event, the objectionable evidence was cumulative to the unchallenged testimony that the victim had seen the three suspects together, near her property, just prior to the theft of the basketball hoop. Thus, that evidence was not so prejudicial as to warrant a mistrial. (Appeal from Judgment of Supreme Court, Monroe County, Wisner, J.—Burglary, 3rd Degree.) Present—Denman, P. J., Pine, Fallon, Doerr and Balio, JJ.